10158

RHEA v. MAXWELL.

(98 S. E. 795.)

SUBROGATION—CORPORATE STOCK—PAYMENT BY ONE OF BORROWERS.—
Where corporate stock owned by one of two brothers was put up as
collateral for loan to both brothers, the one not owning the stock,
upon paying the debt, was subrogated to the rights of the lender
in the stock certificates until payment to him by the one owning the
stock of his part of the debt.

Before WHALEY, County Judge, Richland, March, 1918.
Reversed.

Action by Hal H. E. Rhea against Dora Maxwell, as
administrator of the estate of Samuel W. Rhea, deceased.
Judgment for plaintiff, and defendant appeals.

*Mr. Halcott P. Green,* for appellant, submits: *That the
testimony of plaintiff as to transactions between himself
and defendant's intestate, was incompetent:* Code of Civil
Procedure, sec. 438; 47 S. C. 488; Jones on Evidence, 2d
Ed. (1911), sec. 765; 56 Ga. 47; 28 S. C. 72; 104 N. Y.
157; 91 Tenn. 168; (N. C.) 47 S. E. 27; 139 N. C. 440;
164 N. Y. 234; 84 Minn. 263; 38 S. C. 158; 104 S. C. 390;
28 S. C. 72; 21 S. C. 597; 33 S. C. 303; 35 S. C. 206; 41
S. C. 125. *It appeared from plaintiff's own testimony that
the stock he was claiming from Thomas Rhea, was held
under prior assignments thereof by defendant's intestate,
and that he knew this at the time he took his assignment
from Thomas Rhea, he, therefore, was not entitled to the
possession of the stock, unless he could show that the title
had reverted:* 58 S. C. 371; 19 S. C. 483; 51 S. C. 42; 72
S. C. 395; 85 S. C. 108.

*Messrs. Paul A. Cooper, George A. Alderman* and *Cole.
L. Blease,* for respondent, submit: *That plaintiff could have
proved the matter set up in his amendment to his reply with-
out having pleaded it:* 58 S. C. 370. *Amendments are*

*within the discretion of the Court, and the ruling of the Court will not be reviewed on appeal, unless appellant shows that the Court abused its discretion:* 99 S. C. 221; 99 S. C. 31; 101 S. C. 462. *Even if Hal E. Rhea, or his assignor. Thos. H. Rhea, had admittedly pledged the stock in question to the Carolina National Bank or to Samuel W. Rhea, and a dispute had arisen between the assignor and the assignee as to the amount of the debt, secured by the pledge, the plaintiff could have brought an action to recover possession of the property pledged:* 105 S. C. 137; Civil Code of 1912, sec. 4107; 88 S. C. 525; 71 S. E. 51; 7 Cyc. 33-35; 34 Cyc. 1568; 1 Sedg. on Damages, sec. 82; 26 S. C. 110; 1 S. E. 421; 89 S. C. 111. *The case of McClendon v. Wells,* 20 S. C. 514, *and also that of Reese v. Lyon,* 20 S. C. 11, *appear to have been overruled:* 105 S. C. 137. *Plaintiff only testified as to his own relationship to the deceased. He was merely allowed to say he was not indebted to deceased. The allowance of this statement was not reversible error:* 104 S. C. 388; 33 S. C. 303; 35 S. C. 206; 41 S. C. 125; 38 S. C. 158; 21 S. C. 597; 65 S. C. 309; 30 S. C. 284; 106 S. C. 267. *It was the duty of the attorney for the appellant to call the attention of the Court to any error in the statement, to the jury, of the issues:* 97 S. C. 116; 81 S. C. 214; 68 S. C. 37; 80 S. C. 407.

February 10, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action in claim and delivery. In some respects the testimony in the case for appeal is not entirely clear. In some respects it is clear.

That part of it that is clear and undisputed is: There were three brothers, Samuel, Thomas, and Hal Hhea. Samuel and Thomas owned stock in the Rhea Live Stock Company. Thomas owned the four certificates of five shares each, now in dispute. When the company was

organized, Mr. W. S. Reamer loaned to Thomas and Samuel some money, and took as security, in part, the four certificates of stock owned by Thomas, assigned in blank. Samuel paid the debt to Reamer, and Reamer returned to Samuel the collateral security. When Thomas was on the stand, he was asked:

"Q. Mr. Rhea, you have never paid for your shares of stock, have you? A. I have never paid any cash, but I executed a note for it. Q. You have never paid the note? A. No, sir; I still owe the note."

In 1914 Samuel borrowed $1,000 from the Carolina National Bank of Columbia, and gave his note for it, secured, among other things, by the note of Thomas, and these shares of stock. The proceeds of the Samuel Rhea note were put to the credit of Hal Rhea. Samuel died, and his administratrix, the defendant herein, was required to pay the note. When the note was paid the bank returned all the collateral (including the stock in dispute) to Mrs. Maxwell, the administratrix of Samuel Rhea. In 1916 Thomas Rhea assigned the stock in dispute to Hal Rhea. When the note was paid Hal Rhea demanded the four certificates of stock from the administratrix. This demand was refused, and this action was brought to get possession of the certificates of stock. Mr. Hal Rhea knew at the time of his purchase that the stock was held by the bank as collateral to the Samuel Rhea note.

When the plaintiff, Hal Rhea, was on the stand, he said the consideration was "$1,000 in money and other consideration, of which I have paid him, from month to month, between $700 and $800, and still owe him a little." There are other things in the case that make it doubtful as to whether the witness was referring to a debt to Samuel or Thomas. Be that as it may, when Samuel paid the debt to Reamer and took the collateral indorsed in blank, Samuel was subrogated to the rights of Reamer to hold the certificates of stock until Thomas paid his debt to Samuel. The

stock was pleaded as security for that debt, and in the absence of an agreement to the contrary Samuel was entitled to hold it until the debt was paid. The undisputed evidence is that that debt has not been paid. Thomas could not have recovered it from Samuel. Thomas could convey no higher right than he had. The assignee of Thomas cannot recover it from the administratrix of Samuel.

The verdict should have been directed for the defendant. This is merely a possessory action. What the ultimate right and equities may be are not affected by this action.

The judgment is reversed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.