## 10431

### RHEA v. MAXWELL.

#### (103 S. E. 515.)

JUDGMENT—JUDGMENT IN CLAIM AND DELIVERY ALLOWING ADMINISTRATRIX TO RETAIN POSSESSION OF STOCK NOT CONCLUSIVE AGAINST RIGHT TO REDEEM.—Where in a former action in claim and delivery to secure possession of corporate stock defendant administratrix was allowed to retain possession solely on the ground that plaintiff was indebted to the estate, and the judgment of the appellate Court stated that only right to possession was involved, such former judgment was not a conclusive adjudication against plaintiff's right to an accounting and redemption.

Before WHALEY, J., County Court, Richland, November, 1919. Reversed.

Action by Hal. H. E. Rhea against Dora Maxwell, as Admrx. of Samuel W. Rhea, deceased. From order refusing injunction and sustaining demurrer to the complaint, the plaintiff appeals.

*Mr. Jas. S. Verner,* for appellant, cites: *Demurrer improper, remedy was by motion to have separate causes of action stated separately:* 44 S. C. 143; 68 S. C. 257; 82 S. C. 562. *Or motion to strike out irrelevant matter:* 80 S. C. 498. *Demurrer may not be interposed to a part only of a cause of action:* 44 S. C. 143; 57 S. C. 506. *And only to defects appearing on face of the complaint:* Code Proc., sec. 194. *Test of irrelevant allegation:* Pom. Code Rem., sec. 551; 50 S. C. 54; 60 S. C. 381. *Whole cause of action cannot be disposed of by motion to strike out:* 66 S. C. 381; 66 S. C. 389. *Complaint showed facts to sustain action in equity to redeem stock:* Pom. Eq. Jur., sec. 1231; 97 S. C. 178; 105 S. C. 141; 64 S. C. 1. *Right to redeem pledge must be exercised before sale; right to accounting after:* 20 S. C. 17; 20 S. C. 516; 37 S. C. 562; 108 S. C. 206; 28 S. C. 176; Rich. Eq. Cas. 201.

*Mr. Halcott P. Green,* for respondent, cites: *Question was res adjudicata:* 105 S. C. 147; 8 S. C. Eq. (Bail.) 330; 52 S. C. 167; 111 S. C. 401; 110 S. C. 156-7; 111 S. C. 156; 110 S. C. 155; 105 S. C. 376. *Judge was justified in taking judicial notice of record in former case:* 89 S. C. 182; 1 Ell. Evid., sec. 42; 81 S. C. 141; 84 S. C. 351; 82 S. C. 152; 64 S. C. 350; 76 S. C. 237; 47 S. C. 464; 52 S. C. 156; 52 S. C. 626; 58 S. C. 459; 58 S. C. 557; 107 S. C. 88. *Test of innocent purchaser:* 14 S. C. 312; 14 S. C. 67; 28 S. C. 58; Ann. Cas. 1918c, 452. *Legal right will be protected as against equitable right:* 6 S. C. 159; Bail. Eq. 220. *No grounds for accounting:* 105 S. C. 137; 17 S. C. 538. *Facts here differ from those in 88 S. C. 533.*

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

For a fuller statement of the facts of this case, see *Rhea v. Maxwell,* 111 S. C. 460 (98 S. E. 795).

In the former action the appellant brought his action against the respondent in claim and delivery to secure the possession of certain certificates of stock in the Rhea Live Stock Company. On the trial of the case it appeared and was not disputed that the respondent held the stock as security for an unpaid debt. Under that condition, this Court held that Mrs. Maxwell was entitled to retain possession of the stock until the debt was paid. The fact that a debt existed, but not its amount, that the stock was held as security, and the right to hold it, was decided, but nothing more.

The appellant then brought this action for an accounting and to redeem. The defendant pleaded the judgment in the former action as *res adjudicata.* The plea was sustained on the trial, and from this judgment this appeal is taken. The only question that it is proper to consider now is: Is the former decision *res adjudicata* as to this action? The answer is, it is not.

The only question in the former action was the right to possession. When this Court ascertained that the stock was held as security for a debt, it at once held that Mrs. Maxwell was entitled to hold it. The scope of the former action was to determine the right of possession and nothing more. Fearing that the judgment of this Court might be misunderstood, we went out of our way to say what had been decided and what had not been decided. Therefore, we said:

"This is merely a possessory action. What the ultimate rights and equities may be are not affected by this action."

The effect of final judgments generally is an academic question in this case. It is *res adjudicata* in this case that

no other question has been decided by the former action, except the existence of a debt, the stock as security, and the right of possession at the time the judgment was rendered. This action is the logical sequence of the former decision. It follows that the injunction *pendente lite* should have been granted, and it is so ordered.

The judgment is reversed.