## 10621.

### RHEA v. MAXWELL *ET AL.*

#### (107 S. E. 248)

1. APPEAL AND ERROR—ADJUDICATION ON PRIOR APPEAL LAW OF CASE.—
   In an action to recover shares of stock, an adjudication on a prior
   appeal that the stock was held as security for a note was conclusive
   on a subsequent appeal.

2. PRINCIPAL AND AGENT—ONE AUTHORIZED TO TAKE UP MATTER OF
   SENDING CHILD TO SCHOOL NOT AUTHORIZED TO EXPEND MONEY.—
   A letter: "I have a letter from L., wanting to come down here and
   go to college. You take the matter up with Mother and then take
   the matter up with L., and whatever you decide on will suit me.

* * * I would like very much to let her go to college if it can be arranged, etc."—did not authorize a decision including payment of money by the writer of the letter, especially where the terms were to be fixed by the addressee and mother, and there was nothing to show that the mother took any part in the matter.

3. CONTRACTS—GENERAL TERMS RESTRICTED TO SUBJECT-MATTER.— General terms in a contract are always restricted to the subject-matter of which they treat.

Before WHALEY, J., County Court, Richland, August, 1920. Modified and affirmed.

Action by Hal. H. E. Rhea against Dora Maxwell, Administratrix of the Estate of Samuel W. Rhea, deceased. From the judgment both parties appeal.

*Mr. Jas. S. Verner*, for plaintiff, Hal H. E. Rhea, cites: *A loss by one party to a mutual contract is sufficient consideration to support the same*: 70 S. C. 516; 87 S. C. 395; 80 S. C. 34. *Agreement to contribute to education of niece was an original undertaking*: 85 S. C. 94. *Such an agreement as in this case does not fall within the Statute of Frauds*: 111 S. C. 37; 110 S. C. 534. *Claim is saved from the operation of the Statute of Limitations by Sec. 149, Code Proc. 1912*: 30 S. C. 342; 9 S. C. 435; 9 S. C. 450; 29 S. C. 254. *Estoppel by negligence*: 83 S. C. 329; 95 S. C. 328; 97 S. C. 453; 48 S. C. 131; 57 S. C. 481, 67 S. C. 377; 67 S. C. 434. 2 Pom. Eq. Juris, Secs. 731, 732, 685, 686, 687. *Where two parties claimant have equal equities, but one of such claimants has legal title, he has the better claim*: 114 S. C. 207. *But may, by his conduct, lose his superior claim*: 17 How. 727; 67 S. C., 377. *Plaintiff by his note for the stock became an innocent purchaser*: 2 Pom. Eq. Juris, 750, 751; 1 S. C., 309. *Party is charged with notice of facts that reasonable inquiries would reveal to him*: 67 S. C. 377.

*Mr. Halcott P. Green,* for defendant, cites: *Right of possession is res adjudicata*: 105 S. C. 147; 8 S. C. Eq. (Bail.) 330; 52 S. C. 167; 111 S. C. 401; 110 S. C. 156-7;

111 S. C. 156; 110 S. C. 155; 105 S. C. 376. *Plaintiff has never made out plea of bona fide purchaser for value without notice*: 14 S. C. 312; 14 S. C. 67; 28 S. C. 58; Ann. Cas. 1918C, 452 (Wash.), 6 S. C. 159; Bail Eq. 220. *Where party should be on inquiry he is chargeable with constructive notice of every fact which inquiry would certainly disclose*: 14 S. C., 32; 52 S. C., 224. *Notice to Cooper acting for Rhea, was notice to Rhea*: 33 S. C. 451; 44 S. C. 478; 51 S. C. 560; 77 S. C. 39; 55 S. C. 9; 79 S. C. 526; 74 S. C. 246; 80 S. C. 392; 81 S. C. 159. *No grounds shown for an accounting*: 105 S. C. 137; 84 S. C. 505; 105 S. C. 376; 17 S. C. 538. *Being purely legal claims, the finding of the Court is conclusive*: 23 S. C. 25; 5 S C. 206; 3 S. C., 531; 29 S. C., 408; 23 S. C., 1; 105 S. C., 137; 17 S. C. 538; 84 S. C. 505; 105 S. C. 376. *Voluntary payment of debt of another will not make him a creditor so that he can recover the amount so paid*: 1 Strob. L. 258; 27 Cyc. 838; 841; 3 Strob. L. 530. *Subsequent promise is not the equivalent of a previous request*: 185 Mass. 306. *This was promise to pay debt of another*: 47 S. C. 430; 33 S. C. 367. *And was not to be performed within a year*: 111 S. C. 37; 26 S. C. 81; 12 Rich. 176. *Whether or not promise is an original one*: 29 S. C. 9; 77 S. C. 460; 58 S. C. 376. *Statute of Limitations commenced to run at time of payment*: 27 Cyc. 842. *Could be relied on without pleading it*: 56 S. C. 317;

May 10, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

This case is on its third appeal. The two former opinions are found in 111 S. C. 460, 98 S. E. 795, and 114 S. C. 272, 103 S. E. 515. In the first case we find:

"There were three brothers, Samuel, Thomas, and Hal Rhea. Samuel and Thomas owned stock in the Rhea Live Stock Company. Thomas owned four certificates of

five shares each, now in dispute. When the company was organized, Mr. W. S. Reamer loaned to Thomas and Samuel some money, and took as security, in part, the four certificates of stock owned by Thomas, assigned in blank. Samuel paid the debt to Reamer, and Reamer returned to Samuel the collateral security. When Thomas was on the stand, he was asked: 'Q. Mr. Rhea, you have never paid for your shares of stock, have you? A. I never paid any cash, but I executed a note for it. Q. You have never paid the note? A. No sir; I still owe the note.' "

The only note from Thomas to Samuel that appears in this case is the note in question, for the sum $2,289.80. Thomas assigned his shares to the plaintiff, Hal. Samuel went to the Carolina National Bank of Columbia, and made arrangements for a loan of $1,000. Samuel gave his note for $1,000 to the bank, with the note of Thomas and the stock as collateral security. The cash proceeds of the $1,000 note was put to the credit of the plaintiff, Hal Rhea. Samuel died before the note was due. The note was finally taken up by his widow, now Mrs. Maxwell, who administered on his estate.

The plaintiff brought suit in claim and delivery for the shares of stock which had been assigned to him by Thomas. This Court held in the case reported in 111 S. C. 462, 98 S. E. 795, that, while there was much doubt about some matters, yet it was clear that—

"When Samuel paid the debt to Reamer and took the collateral indorsed in blank, Samuel was subrogated to the rights of Reamer to hold the certificates of stock until Thomas paid the debt to Samuel. The stock was pledged as security for that debt, and in the absence of an agreement to the contrary Samuel was entitled to hold it until the debt was paid. The undisputed evidence is that that debt has not been paid. Thomas could not have recovered it from Samuel. Thomas could convey no higher right than he

had.    The assignee of Thomas cannot recover it from the administratrix of Samuel."

Hal Rhea then brought an action for accounting against Mrs. Maxwell, and set up as an offset to the claim in payment of certain bills of the niece of himself and Samuel, Miss Denny, for board and tuition at a boarding school, which the plaintiff claims Samuel agreed to pay.

On the trial of the cause, the trial Court held that the matter was *res adjudicata.* From this holding another appeal was taken, and this Court held that the matters that were adjudged were "the existence of a debt, the stock as security, and the right of possession at the time the judgment was rendered."

On the last trial the trial Judge held that the whole matter was left open, and held that the stock was security for the $1,000 note, but was not security for the $2,289.80 note, and disallowed the account for Miss Denny's school expenses.    Both sides appealed.

There are many exceptions with subdivisions, but these subjects will determine all the questions raised in the case.

I.    Did his Honor err in holding that the plaintiff was liable for the $1,000 note?    His Honor was not in error in so holding.    The testimony abundantly sustains this finding.    Hal Rhea received the proceeds of the $1,000 note directly from the bank, and has not been able to offset it in any way.    It may be that he has made the mistake, which many people make, of dealing loosely with his brother, and now that death has shut the mouth of both, he must suffer the consequence.    There was no error here.

II.    Was the stock security for the Thomas Rhea note of $2,289.80?    It was.    It was so held before.

An opportunity was given to show that there was an agreement between Thomas and Samuel that the stock should not be held as collateral for the debt, or that payments had been made on the note.    There was no such showing.    It was held in 114 S. C. at page 275, 103 S. E,

515, that the former case adjudged "the existence of the debt, the stock as security." In holding that the stock was not held as security for the Thomas Rhea note, his Honor was in error.

III. Was his Honor in error in disallowing the bills 2, 3 for the school expenses of Miss Denny? He was not in error in this holding. The plaintiff relied upon a letter written by Samuel to him:

"Dear Hal: We came here Thursday night. Had a very nice trip. Am sorry I did not get to see you before you left. I have a letter from Lucy Denny, wanting to come down here and go to college. You take the matter up with mother and then take the matter up with Lucy, and whatever you decide on will suit me. * * * I would like very much to let her go to college if it can be arranged, but if she has any intentions of marrying that man Walling, it is useless to send her to college."

"Whatever you decide on will suit me" is very broad, but general terms are always restricted to the subject-matter of which they treat. It is manifest that if one agent is authorized to sell a stock of goods, even the use of the most general terms would not authorize the agent to sell the land of his principal. There is nothing in the letter to show that the decision included the payment of money by Samuel, but if it had contained such an offer, the terms were to be fixed by Hal and his mother, and there is nothing in the case to show that the mother took any part in the matter. The exceptions that raise this question cannot be sustained.

The certificates of stock are held by the defendant as security for both notes, and if they are paid within 60 days from the time the remittitur is sent down, then defendant will deliver the stock to the plaintiff; otherwise the defendant may proceed to sell the same for the payment of her debts.

The judgment as modified is affirmed.

MR. JUSTICE COTHRAN: I concur on the ground that the judgment in 111 S. C. 460, 98 S. E. 795, is conclusive upon the question that the stock was held by Samuel Rhea as collateral to the $2,289.80 note, as to which otherwise I should entertain great doubt.